UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSE MANUEL SOLIS ALVAREZ,

      Petitioner,

    v.

WARDEN *et al.*,

      Respondents.

CAUSE NO. 3:26cv152 DRL-SJF

## OPINION AND ORDER

Immigration detainee Jose Manuel Solis Alvarez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, arguing he is being unlawfully detained in United States Immigration and Customs Enforcement (ICE) custody under the mandatory detention provision in 8 U.S.C. § 1225(b)(2).

Mr. Solis Alvarez is a citizen of Mexico who entered the United States without inspection. He asserts, without contradiction by the respondents, that he has been living here since 2021. The parties agree that in 2024 his wife filed a petition to add him to her U-1 visa, which remains pending before the United States Citizenship and Immigration Services (USCIS).[1] In January 2026, Mr. Solis Alvarez was taken into custody by ICE agents in Indiana pursuant to an administrative warrant, and was subsequently transferred to Miami

---

[1] The U-visa program, enacted in October 2000, "created a new nonimmigrant visa classification that permits immigrants who are victims of serious crimes and who assist law enforcement to apply for and receive a nonimmigrant visa called a U-visa." *Calderon-Ramirez v. McCament*, 877 F.3d 272, 274 (7th Cir. 2017). The U-visa provides legal status to petitioners and qualifying family members to apply for work authorization and to remain in the United States. *Id.* There is a statutory cap on the number of U-visas that can be granted each year, resulting in a waiting list for petitioners awaiting adjudication by USCIS. *Id.*

Correctional Facility (MCF), where he remains at present pending the outcome of removal proceedings. He reportedly has been categorized as ineligible for bond under 8 U.S.C. § 1225(b)(2). He seeks immediate release from custody or alternatively a prompt bond hearing, arguing that his continued detention violates applicable statutes and regulations, and the due process clause of the Fifth Amendment.

In an order to show cause, the court directed the respondents to answer the petition in light of *De Jesús Aguilar v. English*, No. 3:25cv898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), which joined a large majority of other courts in concluding that § 1225(b)(2) does not apply to noncitizens when they are not "seeking admission" within the statute's meaning. *See also Singh v. English*, No. 3:25cv962, 2025 WL 3713715, 5 (N.D. Ind. Dec. 23, 2025) ("In short, under § 1225(b)(2), an alien must be an 'applicant for admission,' and the alien must be 'seeking admission,' and an examining immigration officer must determine that this alien 'is not clearly and beyond a doubt entitled to be admitted' for mandatory detention to occur under this subsection."). The respondent—really just his current custodian by law because the others are named unnecessarily—was instructed to address why this case differs from *Aguilar* (or *Singh*), why the court should examine subject matter jurisdiction differently, and whether there is cause to address the outcome differently. That response has been filed, as has Mr. Solis Alvarez's reply.

As a preliminary matter, Mr. Solis Alvarez was ordered to show cause why every respondent but the Miami Correctional Facility Warden, the only respondent who exercises "day-to-day control" over him, should not be dismissed under *Kholyavskiy v. Achim*, 443 F.3d 946, 952 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of

appeals concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021). Mr. Solis Alvarez does not address that aspect of the court's order. The court concludes that dismissal of the non-custodial respondents is appropriate. For the sake of clarity, the court refers to the responding party as the Warden from this point forward.

The Warden (through his federal counsel) repeats his arguments from *Aguilar* and other recent cases that the court lacks jurisdiction over the petition and that Mr. Solis Alvarez's detention is warranted by § 1225(b)(2) because he is "seeking admission" within the meaning of this statute. These arguments were rejected in *Aguliar* and *Singh*, and in other subsequent decisions in this district, though *Aguilar* has been appealed. *See also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.). The court continues to be of the view that jurisdiction is secure insofar as this opinion goes, and that § 1225(b)(2) cannot reasonably be interpreted in the manner urged by the government.

Notably, the court of appeals recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). Though preliminary, that opinion offers early echoes of what this court has done. The court also read the split decision in *Buenrostro-Mendez v. Bondi*,

2026 WL 323330 (5th Cir. Feb. 6, 2026). This opinion, together with others, illustrates just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh* until guidance comes from this circuit.

The question remains whether there is anything unique here that would warrant a different conclusion than that reached in both *Aguilar* and *Singh*. The court can find no such reason. Whether Mr. Solis Alvarez is an "applicant for admission" within the meaning of § 1225(b)(2), he cannot be said to be "seeking admission" for the same reasons the court articulated in both *Aguilar* and *Singh*.

That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the arrested alien; and (2) may release the alien on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The court, as it always does, begins with the plain language of this statute. It is permissive, not mandatory, and it affords an election (insofar as the limitations in § 1226(c) do not apply of course).

Immigration officials issued a warrant for Mr. Solis Alvarez's arrest [ECF 6-2 at 7]. By statute, a noncitizen detained pursuant to a warrant may be released by the Attorney General (subject to certain statutory limitations that no one argues apply here), or he may be detained pending a decision on whether he will be removed from the United States. *See* 8 U.S.C. §§ 1226(a), (c). Our high court likewise has recognized the permissive nature of this language. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526-27 (2021); *Jennings*, 583 U.S. at 306.

The Attorney General has delegated her discretion by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 9.3(d). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

Both noncitizens and the government alike must comply with our immigration laws as they are written and as they must work within the demands of constitutional due process. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226, and due process requires merely

that these procedures be fairly given, not taken away. *See Accardi*, 347 U.S. at 266-68; *see, e.g., Jideonwo v. I.N.S.*, 224 F.3d 692, 697 (7th Cir. 2000); *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991). Mr. Solis Alvarez gives no reason to believe this process is insufficient. The court will order no more and no less than what is expected of immigration officials by law. *See Accardi*, 347 U.S. at 268; *see also United States v. Nixon*, 418 U.S. 683, 696 (1974) ("So long as this regulation [delegating Attorney General's discretion to a Special Prosecutor] remains in force the Executive Branch is bound by it, and indeed the United States as the sovereign composed of the three branches is bound to respect and to enforce it.").

The court has the same expectation of compliance for the petitioner—follow the rules. Mr. Solis Alvarez did not seek a custody redetermination before an immigration judge. When "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be done. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). A court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy and administrative comity. *Id.* at 1017. A petitioner "with a statutory argument that has a reasonable prospect of affording him relief may not skip the administrative process and go straight to federal court," *id.* at 1018, though "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue," *id.* at 1016.

Perhaps Mr. Solis Alvarez thought it futile, because an immigration judge might follow *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), but thus far in this circuit that guidance has been found erroneous such that, as the days pass, that futility seems harder to

6

presume. At the same time, maybe only a circuit decision will make it so. The Warden argues that "it is not certain" how an immigration judge would rule on a custody redetermination motion filed by Mr. Solis Alvarez, but based on the early stages of now many § 2241 petitions and an unbroken record of denials of custody redeterminations (even when noncitizens have been arrested pursuant to a warrant like he was) because immigration officials believe they must be classified under § 1225(b)(2), the court finds there was no reasonable prospect of success, absent a determination by the court that he must be classified under § 1226(a), not § 1225(b)(2).[2]

This doesn't affect the court's jurisdiction, but it does affect Mr. Solis Alvarez's relief. The appropriate remedy is to put the ball in his court to file a motion for custody redetermination in his pending removal proceedings, with the benefit of a finding from the court that he is not categorically ineligible for bond under 8 U.S.C. § 1225(b)(2). The court likewise must deny immediate release because Mr. Solis Alvarez has not met his burden of showing his current detention unlawful under § 1226.

---

[2] Mr. Solis Alvarez also provides an email from the Chief Immigration Judge reflecting her position that as of January 2026, *Hurtado* remained binding on immigration judges [ECF 1-4 at 1]. More recently, a judge in the Central District of California issued an opinion vacating *Hurtado* on behalf of a nationwide class of individuals arrested by ICE within the interior of the United States and denied an opportunity for release on bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed, In re Lazaro Maldonado Bautista*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed, and the Ninth Circuit last week granted the government a partial stay of the court's order, leaving the judgment intact as to class members located within the Central District of California, but staying the judgment "insofar as the district court's judgment extends beyond the Central District of California." *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 6, 2026). The district court ruling thus appears unlikely to change the outcome of a custody redetermination motion filed by an individual like Mr. Solis Alvarez who is outside of California. Recent proceedings in *Bautista* also suggest that the government remains committed to its interpretation of § 1225(b)(2).

For these reasons, the court:

(1) DISMISSES United States Attorney General Pamela Jo Bondi, former United States Secretary of Homeland Security Kristi Noem, Acting Director of United States Immigration and Customs Enforcement Todd Lyons, and Interim Director of United States Immigration and Customs Enforcement Chicago Field Office as respondents;

(2) DENIES the petition [ECF 1], except to FIND that Jose Manuel Solis Alvarez must be classified under 8 U.S.C. § 1226(a), including for purposes of any custody redetermination; and

(3) DIRECTS the clerk to enter final judgment and to close this case.

SO ORDERED.

March 13, 2026                              *s/ Damon R. Leichty*
                                            Judge, United States District Court